UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

ILANA MORGAN,

                                  Plaintiff,

     -against-                                      1:21-CV-0278 (LEK/DJS)

THE COUNTY OF WARREN, *et al.*,

                                  Defendants.
_____

**MEMORANDUM-DECISION AND ORDER**

**I.      INTRODUCTION**

Plaintiff Ilana Morgan commenced the present civil action against the County of Warren ("Warren County" or "County"); Mary Elizabeth Kissane, individually and as Warren County Attorney; and Kevin Geraghty, individually and as a Member of the Warren County Board of Supervisors (collectively, "Defendants"). Dkt. No. 1 ("Complaint"). Presently before the Court is a motion to dismiss filed by Defendants pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. See Dkt. No. 7 ("Motion to Dismiss" or "Motion"); Dkt. No. 7-2 ("Defendants' Memorandum of Law"). Plaintiff filed an opposition to the Motion. See Dkt. No. 12 ("Opposition"). Defendants filed a reply. See Dkt. No. 13 ("Reply"). For the following reasons, the Court grants the Motion.

**II.     BACKGROUND**

The following factual allegations are assumed to be true. See Vega v. Hempstead Union Free Sch. Dist., 801 F.3d 72, 76 (2d Cir. 2015).

Plaintiff Ilana Morgan worked as a Legal Assistant for Warren County Attorney's Office under Defendant Warren County Attorney Mary Elizabeth Kissane. Compl. ¶¶ 32, 35. Plaintiff's

responsibilities included her legal assistant duties, as well as real property tax foreclosures in Warren County. Id. ¶ 33. Defendant Kevin Geraghty, the former Town Supervisor for the Town of Warrensburg and member of the Warren County Board of Supervisors, met with Kissane and alleged that Plaintiff used her position as Legal Assistant to obtain confidential County information about a property located at 10 Industrial Park Road. Id. ¶¶ 7, 37–39.

In December of 2018, on behalf of the County, Kissane originated and issued nine workplace disciplinary charges against Plaintiff. Id. ¶ 42. Of the nine charges, four were based on allegedly false statements made by Geraghty. Id. ¶¶ 42–44. Following the charges, Kissane appointed Paul Jenkins, the Superintendent of Glens Falls City School District, as the hearing officer. Id. ¶¶ 49, 51, 53. In the disciplinary hearing before Jenkins, Kissane was a material witness against Plaintiff. Id. ¶ 56. On March 19, 2019, Jenkins issued his recommendations that Morgan was guilty of eight of the nine charges. Id. ¶ 57. Kissane then decided that she would make the final decision on Jenkins' recommendations. Id. ¶ 59. On March 26, 2019, Kissane adopted Jenkins' report, found Plaintiff guilty on eight of the nine charges, and terminated Plaintiff. Id. ¶ 62; Compl. Ex. D.[1]

After Plaintiff was terminated, Defendants sent the termination letter written by Kissane to local media, which then published the contents of Kissane's letter. Compl. ¶ 64. Plaintiff contends that Defendants' actions caused her severe emotional distress, mental anguish,

---

[1] "In considering a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6), a court may consider the following matters outside the four corners of the complaint: (1) documents attached as an exhibit to the complaint or answer, (2) documents incorporated by reference in the complaint (and provided by the parties), (3) documents that, although not incorporated by reference, are 'integral' to the complaint, or (4) any matter of which the court can take judicial notice for the factual background of the case." Lane v. Tilbe, No. 18-CV-0438, 2018 WL 6289668, at *2 (N.D.N.Y. Dec. 3, 2018) (internal citations omitted) (Kahn, J.).

permanent costs in reputation and legal fees, and violated her due process rights. Id. ¶¶ 65–66. Plaintiff then commenced an Article 78 proceeding seeking to annul the termination decision. Id. ¶ 67.

On February 18, 2021, the New York State Supreme Court, Appellate Division, Third Department found the disciplinary hearing factually insufficient, found that Kissane violated Plaintiff's due process rights, and annulled the determination to terminate Plaintiff's employment. Compl. ¶ 70; Compl. Ex. E. Specifically, the Third Department found that Kissane should have disqualified herself from acting as the final decision maker because of her extensive personal involvement in the disciplinary process. Compl. ¶ 70; Compl. Ex. E. The Third Department then remitted the matter to the County Attorney, where the matter is currently pending. Compl. ¶ 70, Ex. E.

On March 10, 2021, Plaintiff filed this complaint, alleging the following causes of action: (1) denial of civil rights pursuant to 42 U.S.C. § 1983 against Defendants Warren County and Kissane; (2) conspiracy to deny civil rights pursuant to 42 U.S.C. § 1983 against Defendants Kissane and Geraghty; (3) Monell liability against Defendant Warren County; and (4) violation of due process rights pursuant to the New York State constitution and New York common law against Defendants Warren County and Kissane. See generally Compl.

### III.  LEGAL STANDARD

To survive a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), a "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 663 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)); see also Fed. R. Civ. P. 12(b)(6). A court must accept as

true the factual allegations contained in a complaint and draw all inferences in favor of a plaintiff. See Allaire Corp. v. Okumus, 433 F.3d 248, 249–50 (2d Cir. 2006). A complaint may be dismissed pursuant to Rule 12(b)(6) only where it appears that there are not "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570. Plausibility requires "enough fact[s] to raise a reasonable expectation that discovery will reveal evidence of [the alleged misconduct]." Id. at 556. The plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully." Iqbal, 556 U.S. at 678 (citing Twombly, 550 U.S. at 556). "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Id. (citing Twombly, 550 U.S. at 555). Where a court is unable to infer more than the mere possibility of the alleged misconduct based on the pleaded facts, the pleader has not demonstrated that she is entitled to relief and the action is subject to dismissal. See id. at 678–79.

**IV.     DISCUSSION**

To state a claim under § 1983, a plaintiff must allege (1) the violation of a right secured by the Constitution and laws of the United States, and (2) that the deprivation was committed by a person acting under the color of state law. See Vega, 801 F.3d at 87–88. Section 1983 "is not itself a source of substantive rights, but a method for vindicating federal rights elsewhere conferred." Baker v. McCollan, 443 U.S. 137, 144 n.3 (1979).

**A. Procedural Due Process**

To state a violation of procedural due process under the Fourteenth Amendment, Plaintiff must plead facts establishing the following elements: (1) the existence of a property or liberty

interest of which she was deprived; and (2) the deprivation of that interest without due process. Bryant v. New York State Educ. Dep't, 692 F.3d 202, 218 (2d Cir. 2012).

Here, Defendants argue that Plaintiff's Article 78 action provided an adequate post-deprivation remedy, and so her claim is precluded. Defs.' Mem. of L. at 3–5. Plaintiff, on the other hand, argues that the Article 78 proceeding did not satisfy the due process requirements under the circumstances. Opp'n at 11–17. In their reply, Defendants further argue that Plaintiff was provided with adequate due process. Reply at 2, 5–6.[2] In assessing these arguments the Court divides its analysis into two parts: (1) whether the availability of an Article 78 proceeding precludes Plaintiff from bringing a procedural due process claim; and (2) whether Plaintiff received the requisite process.

        *1. Availability of an Article 78 Proceeding*

The Second Circuit has explained:

> When the state conduct in question is random and unauthorized, the state satisfies procedural due process requirements so long as it provides meaningful post-deprivation remedy. . . . In contrast, when the deprivation is pursuant to an established state procedure, the state can predict when it will occur and is in the position to provide a pre-deprivation hearing. Under those circumstances, the availability of post-deprivation procedures will not, *ipso facto*, satisfy due process.

---

  [2] In addition, Defendants argue for the first time in their Reply that Plaintiff suffered no deprivation of a constitutionally-protected interest because the County restored Plaintiff to the payroll and so she did not lose any property interest in her employment. Reply at 2, 4. "The Court will not consider these arguments because a defendant may not introduce arguments for the first time in its reply brief." Kommer v. Ford Motor Co., No. 17-CV-296, 2017 WL 3251598, at *4 n.3 (N.D.N.Y. July 28, 2017) (collecting cases) (Kahn, J.).

Rivera-Powell v. New York City Bd. of Elections, 470 F.3d 458, 465 (2d Cir. 2006) (internal citations and quotations omitted).

"The distinction between random and unauthorized conduct and established state procedures, however, is not clear-cut." Id. But the Second Circuit has also noted:

> In Zinermon v. Burch, the Court held that government actors' conduct cannot be considered random and unauthorized . . . if the state delegated to those actors "the power and authority to effect the very deprivation complained of . . . [and] the concomitant duty to initiate the procedural safeguards set up by state law," even if the act in question "was not . . . sanctioned by state law." 494 U.S. at 138, 110 S.Ct. 975. This court has since relied on Zinermon to hold that the acts of high-ranking officials who are "ultimate decision-maker[s]" and have "final authority over significant matters," even if those acts are contrary to law, should not be considered "random and unauthorized" conduct for purposes of a procedural due process analysis.

Id. (first citing Velez v. Levy, 401 F.3d 75, 91–92 & nn. 14 & 15 (2d Cir. 2005); and then citing DiBlasio v. Novello, 344 F.3d 292 (2d Cir. 2003)).

Here, if Kissane's actions were "random and unauthorized," then Defendants would prevail. But even if Kissane's actions were not considered "random and unauthorized," Defendants may still prevail depending on what process the Court determines is due. See Locurto v. Safir, 264 F.3d 154, 172 (2d Cir. 2001) ("We ultimately need not resolve whether defendants' alleged misconduct was 'random and unauthorized,' since even were we to resolve this dispute in plaintiffs' favor, we would still face the further question of what process is due.") (citing Ezekwo v. New York City Health & Hosps. Corp., 940 F.2d 775, 783–84 (2d Cir. 1991)). Accordingly, the Court will assume that Kissane's actions were not "random and unauthorized," and hence Plaintiff's claim is not precluded by the very fact of an Article 78 action.

*2. The Process Due*

This Court starts by noting that it is necessary in a procedural due process claim for Plaintiff to allege "what process should have been but was not afforded to [her]." Lamont v. Farucci, No. 16-CV-7746, 2017 WL 6502239, at *13 (S.D.N.Y. Dec. 18, 2017). Here, Plaintiff alleges that Kissane should have disqualified herself "from [making the final decision to terminate Plaintiff's employment] after she personally filed baseless charges against Morgan, appointed the hearing officer who presided over the disciplinary hearing, and testified as a witness against Morgan during her disciplinary hearing." Compl. ¶ 75.

"The pretermination process 'need not be elaborate' or approach the level of a 'full adversarial evidentiary hearing,' but due process does require that before being terminated such an 'employee be given oral or written notice of the charges against him, an explanation of the employer's evidence, and an opportunity to present his side of the story.'" Otero v. Bridgeport Housing Auth., 297 F.3d 142, 151 (2d Cir.2002) (alterations omitted) (quoting Cleveland Bd. of Educ. v. Loudermill, 470 U.S. 532, 545, 546). Additionally, "a neutral adjudicator is not a required component of procedural due process at a pre-termination hearing in situations, such as this one, where Plaintiff has a wholly adequate post-deprivation hearing under Article 78 available to her." Stack v. City of Glens Falls, No. 17-CV-279, 2018 WL 3850629, at *5 (N.D.N.Y. Aug. 13, 2018); see also Locurto, 264 F.3d at 174 (holding that a neutral adjudicator is not a necessary component of due process at a pre-termination hearing "where the state affords plaintiff, subsequent to his termination, a full adversarial hearing before a neutral adjudicator"). In Locurto, the Second Circuit explicitly noted that "Petitioners proceeding under Article 78 may raise claims that the agency adjudicator was biased and prejudged the outcome, that the

determination was slanted by the adjudicator's refusal to recuse herself, or that ex parte communications with other officials may have infected the adjudicator's ruling." Id. at 174–75 (internal citations omitted). That is exactly what happened here: Plaintiff brought an Article 78 proceeding, successfully challenging the Hearing Officer's factual findings and arguing that Kissane should have disqualified herself. Compl. Ex. E. The Court is hard-pressed to find that procedural due process was not satisfied. See Locurto, 264 F.3d at 171 ("When such a public employee is terminated, procedural due process is satisfied if the government provides notice and a limited opportunity to be heard prior to termination, so long as a full adversarial hearing is provided afterwards"); see also Longo v. Suffolk Cty. Police Dep't Cty. of Suffolk, 429 F. Supp. 2d 553, 559 (E.D.N.Y. 2006) ("Courts in this circuit as well as the Second Circuit Court of Appeals have held, clearly and repeatedly, that the combination of Section 75 and 78 provide a terminated public employee with remedies that are consistent with the requirements of the due process clause of the Constitution.") (collecting cases).

Still, Plaintiff argues for the first time in her Opposition that "the Article 78 proceeding was inadequate to protect Plaintiff's due process rights as Kissane was an official who made 'decisions . . . with final authority over significant matters,' and because the damages suffered from Plaintiff's due process deprivations exceed what was recoverable at the Article 78 proceeding." Opp'n at 17. The Court rejects this argument because "a plaintiff cannot amend her complaint through an opposition to a motion to dismiss." Finch v. New York, No. 10-CV-9691, 2012 WL 2866253, at *8 (S.D.N.Y. May 30, 2012) (collecting cases). Indeed, the Complaint contains no factual allegations regarding the inadequacy of the Article 78 proceeding.

8

Even if there were, the argument rings hollow. Plaintiff is focused on the first aspect of the analysis (whether the availability of an Article 78 proceeding precludes Plaintiff from bringing a procedural due process claim), but not on whether she did receive the requisite process. The Court has already determined in Plaintiff's favor on the first point, but Plaintiff has not succeeded on the second point. See Chaffer v. Bd. of Educ. of City Sch. Dist. of City of Long Beach, 75 F. App'x 12, 13 n.1 (2d Cir. 2003) (summary order) ("As we explained in Locurto, the availability of a post-termination Article 78 proceeding where a public employee has been provided with notice and a pre-termination hearing provides adequate due process protection regardless of whether the alleged misconduct is 'random and unauthorized.'"). It makes no difference that Plaintiff actually took advantage of this post-deprivation remedy. See Sawabini v. McGrath, No. 15-CV-692, 2017 WL 3727370, at *13 (N.D.N.Y. Aug. 28, 2017) (citing Rivera-Powell, 470 F.3d at 467 n.9) (Kahn, J.). As for the point about damages, the Second Circuit has already foreclosed that argument. See Hellenic Am. Neighborhood Action Comm. v. City of New York, 101 F.3d 877, 881 (2d Cir. 1996) ("An Article 78 proceeding is adequate for due process purposes even though the petitioner may not be able to recover the same relief that he could in a § 1983 suit."); see also Storman v. Klein, No. 09-CV-0338, 2009 WL 1035964, at *17 n.48 (S.D.N.Y. Apr. 20, 2009), report and recommendation adopted, 2009 WL 10740175 (S.D.N.Y. Aug. 17, 2009), aff'd, 395 F. App'x 790 (2d Cir. 2010).

Therefore, Plaintiff has not sufficiently alleged that the pre-deprivation and post-deprivation procedures, which have been repeatedly held to constitute due process of law, were inadequate. Plaintiff's § 1983 procedural due process claim is dismissed without prejudice.

**B. Substantive Due Process**

Plaintiff's claim for a violation of substantive due process also fails. "To state a substantive due process claim, a plaintiff must allege that: (1) the complained-of state action compromised a constitutionally-protected liberty or property right, and (2) the state action that deprived him of that interest was oppressive or arbitrary." JG & PG ex rel. JGIII v. Card, No. 08-CV-5668, 2009 WL 2986640, at *5 (S.D.N.Y. Sept. 17, 2009). "For a substantive due process claim to survive a Rule 12(b)(6) dismissal motion, it must allege governmental conduct that 'is so egregious, so outrageous, that it may fairly be said to shock the contemporary conscience.'" Velez v. Levy, 401 F.3d 75, 93 (2d Cir. 2005) (quoting Cnty. of Sacramento v. Lewis, 523 U.S. 833, 847 n.8 (1998)). However, this Court and others have recognized that when "the claim for substantive due process is subsumed by Plaintiff's other constitutional claims [such as procedural due process], it must be dismissed." Rother v. NYS Dep't of Corr. & Cmty. Supervision, 970 F. Supp. 2d 78, 100 (N.D.N.Y. 2013) (Kahn, J.); see also Carnell v. Myers, No. 17-CV-7693, 2019 WL 1171489, at *8 (S.D.N.Y. Mar. 13, 2019) (collecting cases). In Rother, this Court found that asubstantive due process claim overlaped entirely with a procedural due process claim because both sought to remedy the same harm and challenge the same conduct. 970 F. Supp. 2d at 100. The same was true in Carnell when "Plaintiff's substantive due process claim [was] premised on precisely the same set of facts and [sought] to remedy the same conduct as in his procedural due process claim; the Complaint allege[d] no facts that separate the two claims." 2019 WL 1171489, at *8.

The Complaint does not even divide the claims between procedural due process and substantive due process, and Plaintiff attempts to provide a distinction for the first time in her

Opposition. Compare Opp'n at 3 ("Plaintiff Has Made a Prima Facie Case That Kissane Violated Her Substantive Due Process By Intentionally Abusing Her Government Power Against Morgan") with Opp'n at 11 ("Plaintiff Has Made a Prima Facie Case That Kissane Violated Her Procedural Due Process By Creating a Corrupt Scheme Against Morgan"). Once again, the Court can reject this argument because "a plaintiff cannot amend her complaint through an opposition to a motion to dismiss." Finch, 2012 WL 2866253, at *8. More importantly, the Court cannot locate any facts that separate the two claims because the substantive due process claim is entirely duplicative of the procedural due process claim since it stems from the same allegation that Kissane created a corrupt scheme to terminate Plaintiff. Indeed, both alleged claims seek to remedy the same harm and challenge the same conduct. See Compl. ¶¶ 73–78. Accordingly, "Plaintiff fails to state a claim for a violation of substantive due process because [her] substantive due process claim is based on the same facts as [her] procedural due process claim." Cherry v. New York City Hous. Auth., No. 15-CV-6949, 2017 WL 4357344, at *29 (E.D.N.Y. Sept. 29, 2017).

### C.  Section 1983 Conspiracy

Defendants briefly argue that because Plaintiff cannot establish the underlying constitutional claim, the § 1983 conspiracy cause of action must also fail. See Defs.' Mem. of L. at 5. Plaintiff does not even address this point, but the Court agrees with Defendants. "Because there is no underlying constitutional violation on which to base [her] § 1983 conspiracy claim, plaintiff's conspiracy claim fails as a matter of law." Conte v. Cty. of Nassau, No. 06-CV-4746, 2010 WL 3924677, at *24 (E.D.N.Y. Sept. 30, 2010) (citing Curley v. Village of Suffern, 268 F.3d 65, 72 (2d Cir. 2001)).

### D. Monell Liability

A Monell claim for municipal liability cannot survive absent an underlying constitutional violation. See Pinter v. City of New York, 448 F. App'x 99, 106 (2d Cir. 2011) (summary order) (citing City of Los Angeles v. Heller, 475 U.S. 796, 799 (1986)) (dismissing Monell claim because "if [the officer] inflicted no constitutional injury on respondent, it is inconceivable that [the city] could be liable to respondent."); see also Lopez v. City of New York, No. 19-CV-3887, 2021 WL 466974, at *7 (S.D.N.Y. Feb. 9, 2021) ("An underlying constitutional violation is a prerequisite to [Monell] municipal liability." ) (citing Segal v. City of New York, 459 F.3d 207, 219 (2d Cir. 2006)). Because Plaintiff's § 1983 causes of action have been dismissed, Defendant County of Warren cannot be liable under Monell.

### E. Remaining State Law Claims

Because Plaintiff has not alleged diversity jurisdiction, Compl. ¶¶ 2–3, this Court would only have subject matter jurisdiction to consider Plaintiff's state law claims to the extent that supplemental jurisdiction is provided for under 28 U.S.C. § 1367. Subsection (c) of that section provides that "district courts may decline to exercise supplemental jurisdiction over a [state law] claim . . . [if] the district court has dismissed all claims over which it has original jurisdiction" 28 U.S.C. § 1367(c). Where, as here, any federal claims have been dismissed at a relatively early stage of litigation, courts often decline to exercise subject matter jurisdiction. See Valencia ex rel. Franco v. Lee, 316 F.3d 299, 306 (2d Cir. 2003); Tops Markets, Inc. v. Quality Markets, Inc., 142 F.3d 90, 103 (2d Cir. 1998) ("[W]hen all federal claims are eliminated in the early stages of litigation, the balance of factors generally favors declining to exercise pendent jurisdiction over remaining state law claims and dismissing them without prejudice.") (citing Carnegie-Mellon

Univ. v. Cohill, 484 U.S. 343, 350 (1988)). The Court elects to do so here. The Court dismisses the state law claims without prejudice for lack of subject matter jurisdiction.

## V.   CONCLUSION

Accordingly, it is hereby:

**ORDERED**, that Defendants' Motion to Dismiss (Dkt. No. 7) is **GRANTED**; and it is further

**ORDERED**, that Plaintiff's Complaint (Dkt. No. 1) is **DISMISSED WITHOUT PREJUDICE**[3]; and it is further

**ORDERED**, that the Clerk of the Court is directed to close this action; and it is further

**ORDERED**, that the Clerk serve a copy of this Memorandum-Decision and Order on all parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

DATED:      January 21, 2022
            Albany, New York

_____
Lawrence E. Kahn
U.S. District Judge

---

[3] At this time, the Court does not need to determine whether leave to amend would be futile.